UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No:   6:18-cv-1346-Orl-40TBS

NET ONE INTERNATIONAL, INC.,

    Defendant.

## REPORT AND RECOMMENDATION

This case comes before the Court on Plaintiff the United States of America's Motion for Entry of Default Judgment (Doc. 13). After due consideration I respectfully recommend that the motion be **denied without prejudice**.

### Background

Plaintiff brings this action pursuant to the Communications Act of 1934, 47 U.S.C. § 504(a) to enforce a Forfeiture Order issued by the Federal Communications Commission ("FCC") against Defendant Net One International, Inc. (Doc. 1). The FCC assessed a $1,600,000 forfeiture penalty against Defendant "for improperly billing customers for unauthorized charges and fees purportedly in connection with long distance telephone service – a practice commonly known as 'cramming'" (Id., ¶ 1; Doc. 1-2). The Forfeiture Order informed Defendant that if the penalty was not paid within thirty days "the case may be referred to the United States Department of Justice for enforcement of the forfeiture pursuant to Section 504(a) of the Act." (Doc. 1-2 at 17). Defendant did not pay and on August 16, 2018 Plaintiff filed this lawsuit (Doc. 13-1, ¶ 9). Now, it seeks entry of default judgment.

Before the Court may enter judgment it must acquire jurisdiction over the defendant. This is done by effecting service of process on the defendant. The plaintiff has the burden to show that the defendant was properly served. Spy Optic, Inc. v. Pattar Enterprise, Inc., No. 6:16-cv-1541-Orl-31GJK, 2017 WL 8893758, at *1 (M.D. Fla. Oct. 4, 2017). The plaintiff ordinarily proves service by submitting the process server's return affidavit. White v. Americas Servicing Co., 461 Fed. Appx. 841, 842 (11th Cir. 2012).

A plaintiff may serve a corporate defendant:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant[.]

FED. R. CIV. P. 4(h)(1).

Plaintiff engaged the United States Marshal to serve Defendant's registered agent (Doc. 7 at 1). Under Florida law:

> (1) Every Florida corporation and every foreign corporation now qualified or hereafter qualifying to transact business in this state shall designate a registered agent and registered office in accordance with chapter 607.
>
> (2) Every corporation shall keep the registered office open from 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and shall keep one or more registered agents on whom process may be served at the office during these hours. The corporation shall keep a sign posted in the office in some conspicuous place designating the name of the corporation and the name of its registered agent on whom process may be served.

FLA. STAT. § 48.091. If the plaintiff is unable to serve the registered agent because of the failure to comply with FLA. STAT. § 48.091, "service of process shall be permitted on any

- 2 -

employee at the corporation's principal place of business or on any employee of the registered agent." FLA. STAT. § 48.081(3)(a).

On his first attempt the Deputy Marshal found "vehicles present in the driveway, but no answer. Signs posted stating 'for INCORP. & W.F. Greenberg, call (561) 422-xxxx. Call was made to (561) 422-xxxx but no answer, nor the option to leave a voicemail" (Doc. 7 at 1). Four days later, the Deputy Marshal served Defendant by serving "Star Callahan; Designated Agent" (Id.). Defendant has not filed any pleadings or papers and on January 23, 2019, the Clerk entered default against it (Doc. 11).

The return of service is insufficient to prove that Defendant was served in accord with Florida law. There is no evidence that Star Callahan has ever worked for Defendant or Defendant's registered agent; no evidence that Defendant ever authorized Star Callahan to receive service of process on its behalf; and no evidence that Star Callahan was in charge of any part of Defendant's business.

Rule 4 does not define the words "managing or general agent." As one court explained:

> Under this federal standard, courts have noted, however, that the paramount purpose of the rules is to provide notice. The determination of who qualifies as an agent depends on the facts of the case. Courts have stated that service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service. Other courts have suggested that service is sufficient if the belief that defendant will be apprised of the suits pending against it is justified. Similarly, courts have stated that service is sufficient under the Rule if service is made upon a representative so integrated with the organization that he will know what to do with the papers.

Cole v. Halsted Financial Services, LLC, No. 2:16-cv-754-FtM-99MRM, 2017 WL 1365463, at *2 (M.D. Fla. April 14, 2017) (internal quotations and citations omitted).

Without knowing more about Star Callahan, I am unable to find that she was Defendant's "managing or general agent" on the date she was served.

### Recommendation

The concerns I have raised are probably be curable, most likely by amendment of the Marshal's return. Accordingly, I respectfully recommend that the Court **DENY** Plaintiff's motion **without prejudice**, and with thirty days leave to supplement the record.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida on March 4, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record